**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-5027

MICHAEL ANGELO LANHAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-97-56)

Submitted: May 29, 1998

Decided: July 23, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Angelo Lanham pled guilty to assaulting employees of the United States, in violation of 18 U.S.C. § 111(a)(1) (1994). The district court sentenced Lanham to serve eight months' imprisonment, one year of supervised release, and ordered Lanham to pay restitution in the amount of $2,288.83.* Lanham appeals the restitution order, asserting that the district court abused its discretion by not setting forth a definite payment schedule or making explicit findings regarding his ability to pay, as required by 18 U.S.C.A.§ 3664(f)(2) (West Supp. 1998). Finding no error, we affirm.

When Lanham refused to comply with several federal correctional officers' orders, a physical confrontation with two of the officers ensued. These officers received medical attention for their injuries and were absent two days from work. As part of his plea agreement, Lanham agreed to make restitution in the full amount of each victim's losses. These losses, which included the victims' medical bills and lost wages, totaled $2,288.83. At sentencing the district court found Lanham capable of paying restitution "in the future." The court also adopted Lanham's presentence report, which indicated that Lanham received his GED and took some college courses while he was in prison and that Lanham planned to work as a legal assistant after he was released from prison. Although the court did not mention a schedule for Lanham's payments during the sentencing hearing, the judgment order did state that Lanham was to pay his fine in installments, beginning 30 days after his release and continuing until the end of his term of supervised release. At sentencing Lanham did not object to the court's finding that he could pay restitution in the future.

We conclude that the district court's restitution order was proper. In his plea agreement Lanham expressly agreed to make restitution to

_____

*The district court structured the eight-month sentence to run consecutively to the eighty-seven month federal drug sentence Lanham was serving at the time of the assault and the one-year supervised release term to run concurrently with the four-year term of supervised release imposed in the earlier sentence.

2

his victims. Since Lanham's assault upon the correctional officers was a crime of violence, the district court was statutorily required to include an order of restitution as a part of Lanham's sentence. See 18 U.S.C.A. §§ 16, 3663A(a)(1), (c)(1)(A)(I) (West 1994 & Supp. 1998). Although the court did not announce a definite schedule for Lanham's payments, the court did give a rough schedule for the payments in its judgment order. There was no obvious error in that. We read the court's order to require Lanham to pay his restitution in equal monthly installments, beginning one month after his release from prison and continuing throughout his terms of supervised release. That would give him about four years to pay the restitution.

Of course, the court did not make explicit findings concerning Lanham's ability to pay the specified restitution amount under the terms set forth in the judgment order. However, the court did adopt the presentence report, which suggested that Lanham could pay the restitution because he planned to obtain employment after he was released from prison. Indeed, the court implicitly considered Lanham's financial situation (as set forth in the presentence report) when it found that Lanham did not have the ability to pay a fine at present but would have the means to pay restitution "in the future." Although the court could have been more specific with regard to why it concluded that Lanham had the ability to pay the required restitution amount under the specified terms, the court's failure to do so was not error in these circumstances.

AFFIRMED

3